UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

BILLIE-JO MARDORF,              )
                                )
        *Plaintiff*              )
                                )
v.                              )    No. 1:11-cv-81-GZS
                                )
MICHAEL J. ASTRUE,              )
**Commissioner of Social Security,** )
                                )
        *Defendant*              )

## *REPORT AND RECOMMENDED DECISION*[1]

The plaintiff in this Supplemental Security Income ("SSI") appeal raises the questions of whether the residual functional capacity ("RFC") assigned to her by the administrative law judge was supported by substantial evidence and whether the administrative law judge committed reversible error by failing to contact her medical providers. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from affective disorder/mood disorder not otherwise specified, anxiety-related disorders/panic disorder/post-traumatic stress disorder ("PTSD"), and substance addiction disorder/alcohol dependence, status

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on December 16, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

unclear, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 2-3, Record at 9; that she retained the RFC to perform a full range of work at all exertional levels with the following nonexertional limitations: she could understand and remember simple to moderately complex instructions; she could execute simple to moderately complex instructions on a consistent schedule to complete a normal workday and workweek; she could interact appropriately with a small number of coworkers and supervisors, but could not interact with the general public or work in a public area; and she could adapt to routine changes in the workplace, Finding 4, *id*. at 11; that she had no past relevant work, Finding 5, *id*. at 13; that, given her age (44 on the date of application, a younger individual), at least high school education, and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 6-9, *id*.; and that, therefore, the plaintiff had not been under a disability, as that term is defined in the Social Security Act, from November 24, 2008, the date her application was filed, to the date of the decision, October 13, 2010, Finding 10, *id*. at 14. The Decision Review Board selected the decision for review, but did not complete its review within the time allowed, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to

support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A. RFC/Substantial Evidence

The plaintiff contends that that the administrative law judge erred in giving no weight to the opinions of her treating psychiatric nurse practitioner and licensed clinical social worker with respect to her RFC. Statement of Specific Errors ("Itemized Statement") (Docket No. 10) at 1-10. Neither may be considered to be an acceptable medical source under applicable regulations, 20 C.F.R. §§ 404.1513(a), 416.913(a), meaning that they may not provide evidence to establish the existence of a medically determinable impairment, but may provide evidence of the severity of an established impairment and "how it affects your ability to work." 20 C.F.R §§ 404.1513(d), 416.913(d).

The administrative law judge said the following about the opinions of these treating professionals:

> As for the opinion evidence, no weight is given to the opinions of the claimant's treating mental health nurse and licensed clinical social worker regarding her inability to meet competitive standards in various areas of work-related functioning (Exhibits 5F, 10F, 11F). These individuals are not qualified to render judgments regarding "competitive standards," and the degree of functional limitation they assign to the

3

>claimant is not consistent with the evidence as a whole. Furthermore, their opinion that the claimant would be excessively absent from work due to her mental impairments is not credited because it is speculative and inconsistent with the evidence that the claimant's actual functional difficulties have been less severe than she anticipated them to be.

Record at 12.

As the plaintiff points out, Itemized Statement at 3-4, the administrative law judge's first stated basis for rejecting the opinions is incorrect. These treating professionals are qualified to render judgments concerning competitive standards; that is precisely the kind of information that the regulations cited above contemplate finding in the reports of treating professionals other than "acceptable medical sources." At oral argument, the plaintiff's counsel indicated that the forms filled out by these individuals were "taken from" Social Security Administration forms; they define "unable to meet competitive standards" as "your patient cannot satisfactorily perform this activity independently, appropriately, effectively and on a sustained basis in a regular work setting." Record at 271, 355, 358. This definition places the requested information squarely within the treating professional's opinion about the severity of the impairment that he or she is treating and how it affects the patient's ability to work.

The forms also undermine the administrative law judge's rejection of the information on the forms about absence from work because "it is speculative." Record at 12. Again, this information is requested by the form, and it is well within the scope of the regulatory language.

A different result is reached, however, when the other bases given by the administrative law judge are examined. The plaintiff contends that the information recited by the administrative law judge as inconsistent with the opinions given by the non-acceptable medical sources is "not an accurate reflection of the record." Itemized Statement at 5. She presents a long list of

4

quotations from or summaries of portions of the medical records which she characterizes as "[c]ontrary to the ALJ's finding[.]" *Id*. at 5-8.

However, the legal test on appeal is not whether there is evidence, or even substantial evidence, in the administrative record that would support a conclusion different from that reached by the administrative law judge, but, rather, whether there is evidence that a reasonable mind would accept as supporting the conclusion drawn. The administrative law judge's opinion in this case meets that test. The citations given to the record by the administrative law judge, Record at 11-12, do support his conclusions regarding the appropriate RFC for the plaintiff. *See, e.g., id.* at 337-53.

Because the administrative law judge's erroneous treatment of the opinions of the plaintiff's treating professionals was harmless under the circumstances of this case, the plaintiff is not entitled to remand on this basis.

### B. Need to Contact Medical Sources

The plaintiff's second and final issue[2] concerns the administrative law judge's asserted failure to contact her treating professionals after the medical expert who testified at the hearing on her application agreed with counsel for the plaintiff that there was an inconsistency between his opinion based on those treating professionals' progress notes and their opinions. Itemized Statement at 10-12. This argument is based on a misreading of 20 C.F.R §§ 404.1512(e)(1) and 416.912(e)(1), which provide, in relevant and identical part:

> When the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled, we will need additional information to reach a

---

[2] The plaintiff's itemized statement contains a third issue, headed "The Vocational Expert's Testimony is not Relevant," arguing that the RFC that the administrative law judge "supplied" to the vocational expert "is not supported by substantial evidence." Itemized Statement at 12. However, if the court were to find that the RFC was properly supported, this "issue" would be moot. If the court were to find that the RFC was not properly supported, remand would be indicated for that reason, and this issue would not be reached.

> determination or a decision. To obtain the information, we will take the following actions.
>
> (1) We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available. We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1).

First, the second paragraph of the regulation quoted above refers to conflict within a medical source's report, not a conflict between that source's opinion and the opinion of a medical expert called to testify at the administrative hearing. If the regulation were construed as the plaintiff construes it, the administrative law judge would be required to recontact medical care providers almost every time a medical expert testified at an administrative hearing. *See Slobuszewski v. Soc. Sec. Admin. Com'r*, No. 1:10-cv-00302-JAW, 2011 WL 2678954, at *9 (D. Me. June 7, 2011).

The plaintiff in effect may agree with what I consider to be the only reasonable interpretation of the regulatory language, that the regulation refers to conflict within a medical source's report, because she asserts in a single sentence that "[t]he ALJ also indicated that there was a conflict between M[s]. Bright's and Mr. Magaw's opinions and their treatment records, 'the degree of functional limitation they assign to the claimant is not consistent with the evidence as a whole.'" Itemized Statement at 12. However, it is clear from the sentence quoted by the plaintiff that the administrative law judge was identifying a conflict between the other evidence in the record and the treating professionals' conclusions. Such a conflict is also not encompassed within the language of the quoted regulation. *See generally Kresge v. Astrue*, Civil No. 09-248-

6

B-W, 2010 WL 2024968, at *6 (D. Me. May 18, 2010) (setting out what plaintiff must show in order to obtain remand under 20 C.F.R. § 404.1512(e)(1)).

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of January, 2012.

        /s/ John H. Rich III
        John H. Rich III
        United States Magistrate Judge